**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANNIE JOE FARNUM,

                    Petitioner-Appellant,

  v.

SCOTT FRAUENHEIM, Warden,

                    Respondent-Appellee.

No.    16-56719

D.C. No.
5:15-cv-02078-GW-E

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted April 10, 2019
Pasadena, California

Before:  RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,** District
Judge.

     Dannie Farnum appeals the denial of his petition for relief from his

conviction under 28 U.S.C. § 2254. Farnum was convicted by a California state

jury of second-degree murder and inflicting injury upon a child under eight years

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

old causing death for the death of his girlfriend's 7-month-old son, "Baby John." His conviction was affirmed on direct appeal by the California Court of Appeal. After his section 2254 petition was denied and dismissed with prejudice by the district court, we granted a certificate of appealability (COA) as to two issues: (1) whether Farnum was deprived of his rights to due process and a fair trial as a result of the admission of a child witness's testimony and prior statements at trial, and (2) whether the evidence was sufficient to support Farnum's conviction.

We review *de novo* a district court's denial of a habeas corpus petition, reviewing any underlying factual findings and credibility determinations for clear error. *Jones v. Taylor*, 763 F.3d 1242, 1245 (9th Cir. 2014). Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may not grant a habeas petition filed by a person in state custody with respect to any claim adjudicated on the merits in a state court proceeding unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "When more than one state court has adjudicated a claim, we analyze the last reasoned decision." *Fox v. Johnson*, 832 F.3d 978, 985-86 (9th Cir. 2016). In this case, the

last reasoned state court decision is the California Court of Appeal's decision on direct review.

I.      Due Process Claim

Farnum argues that the admission at trial of the testimony and prior statements of his daughter, "Jane Doe," violated his due process rights because Jane Doe, who was seven years old at the time of trial and four years old at the time of the prior statements, was not properly found competent to testify. Farnum argues that *de novo* review should apply to this claim as the Court of Appeal did not address it on the merits. We need not decide this issue as we may "deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies," *Fox*, 832 F.3d at 986, and, even under *de novo* review, Farnum's claim cannot prevail.

While "failure to conduct an appropriate [competency] hearing implicates a defendant's due process rights," upon review "our concern is solely whether the trial court conducted a meaningful hearing." *Walters v. McCormick*, 122 F.3d 1172, 1176-77 (9th Cir. 1997) (rejecting claim that the admission of a child witness's testimony violated due process). As the Court of Appeal recognized, the trial court conducted an adequate hearing into Jane Doe's competency and then exercised its discretion in admitting her testimony and prior statements. Moreover, the jury "remained free to assess the truthfulness and the significance of [the

challenged] testimony, and petitioner had the opportunity to refute it." *Dowling v. United States*, 493 U.S. 342, 352-53 (1990) (rejecting a due process challenge to the admission of testimony). Accordingly, there was no due process violation.

II.     Sufficiency of the Evidence

On habeas review, we may overturn a state court decision rejecting a sufficiency of the evidence challenge "only if the state court decision was objectively unreasonable." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (internal quotations omitted). On direct appeal, the reviewing court is required to uphold a conviction if it finds that "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010).

To prove Farnum guilty of second-degree murder, the Government was required to establish that Farnum killed Baby John "with malice aforethought," which may be express if "there is manifested a deliberate intention to take away the life of a fellow creature," or implied if the defendant acted in "conscious disregard for life." *People v. Knoller*, 41 Cal. 4th 139, 151-52 (2007) (citing Cal. Penal Code § 187(a)). To prove Farnum guilty of assault on a child resulting in death, the Government needed to establish that Farnum: (1) had the care or custody of a child under the age of eight; (2) assaulted the child; (3) by means of force that to a

4

reasonable person would be likely to produce great bodily injury; (4) resulting in the child's death. *See People v. Malfavon*, 102 Cal. App. 4th 727, 735 (2002) (citing Cal. Penal Code § 273ab).

Farnum argues that, if Jane Doe's testimony is either excluded or "properly discount[ed]," there is insufficient evidence to convict him on either count. The Court of Appeal found that there was sufficient evidence that Farnum inflicted Baby John's fatal injuries with the requisite mens rea regardless of whether Doe's testimony, which the Court of Appeal found was properly admitted, was considered. In addition to Jane Doe's testimony and prior statements that she witnessed Farnum hit Baby John on the head, the jury heard testimony from a pathologist that Baby John died as a result of severe head injuries that could be inflicted only by an adult using an adult's force, testimony from Baby John's mother that Farnum was the only adult present with Baby John before he lost consciousness, testimony from an emergency responder that Farnum behaved suspiciously when emergency personnel arrived, and testimony that Farnum offered multiple conflicting explanations for Baby John's injuries. Accordingly, the Court of Appeals was reasonable to conclude that there was sufficient evidence to convict Farnum on both counts.

**AFFIRMED.**